## JAMES BOYDEN v. JOHN McCLANE.

1. SERVICE OF PROCESS.—There is no provision of law which can authorize a special constable to execute process issuing from the District Court.

ERROR from Nueces. Tried below before the Hon. T. C. Barden.

*Pat. O'Docharty*, for Plaintiff in Error.

*Davis & Murphy*, for Defendant in Error.

DEVINE, J.—Judgment by default was entered against plaintiff in error, and in favor of McClane, in June 1873, in the District Court in Nueces County.

The plaintiff in error seeks a reversal of the judgment, on the following grounds:

"1. That no legal service was had upon him, of the citation, as required by law."

"2. The citation was served by a person purporting to be "a 'special constable of precinct No. 1, of Nueces County,' "when no such office as 'special constable' for the purpose of "serving citations in general, is known to, or provided for "by the law; and in rendering judgment upon such service "by default, the court erred."

"3. That a special constable has no power to make service of "civil process, from the District Court, and in rendering judg-"ment on such service, the court erred."

The citation was directed "To the sheriff or any constable "of Nueces County."

The return of service is, "Came to hand, January 1st, 1873, "and executed on the second day of same month, by deliver-"ing to the within named defendant, James Boyden, in person, "a certified copy of petition and true copy of citation.

"Jos. E. FITZIMMONS,

"Special constable, Precinct No. 1, Nueces Co., Texas,

"Corpus Christi, Texas."

A special constable may be appointed in cases of emergency by any justice of the peace (Art. 6312, 2d Vol. Pas. Dig.); such person can execute any process civil or criminal. No power is given, however, for such constable to serve citations or execute process in civil causes pending in the District Courts. When the office of sheriff is vacant, or when the sheriff

is a party to, or interested in any suit pending in the courts of this county, or where an affidavit shall be filed with the clerk of the court of the partiality, prejudice, consanguinity, or affinity of the sheriff of the county where suit is brought, or to be brought, the clerk may issue and direct the process to any constable of the county, who shall serve the same in like manner as the sheriff should do (Pas. Dig., 995 and 996). Under sections 18 and 21 of article 5 of the constitution, any constable of the county is authorized to execute any process where the sheriff is from any cause incompetent to execute the same. There is nothing however in either of the statutes, or sections of the constitution referred to, that can be construed as authorizing a person styling himself a special constable to execute civil process issuing from the District Court.

The service not being made by an officer authorized by the law, the judgment is reversed, and cause is remanded.

Reversed and remanded.